212 N.J. Super. 262 (1986)
514 A.2d 871
JOHN HUNTER, PLAINTIFF,
v.
J & H WEISSBERGER, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County, Special Civil Part.
Decided June 25, 1986.
*263 William L. Handler for defendant.
John Hunter, plaintiff, pro se.
RUDD, J.S.C.
Tenant-plaintiff sues landlord-defendant for a return of security deposit on a rented apartment. The issue is whether a landlord who acquired residential property through foreclosure is liable for a return of security deposit which the tenant deposited with the previous, now foreclosed, landlord?
In May 1978 tenant-plaintiff, John Hunter, deposited the sum of $208 with his then landlord, Schulman Interest, as rent security. In June 1983, landlord-defendant J & H Weissberger, Hunter's present landlord, acquired the rental property at a sheriff's sale as a result of a foreclosure action. J & H did not receive from Schulman Interest any money earmarked as security deposits, nor did J & H ever expressly assume the responsibility to return the security deposit to Hunter.
*264 The disposition of the security deposit when the rental property is conveyed, assigned or purchased at a foreclosure sale is controlled by N.J.S.A. 46:8-20. This statute states:
Any person whether the owner or lessee of the property leased, or who or which has or hereafter shall have received from a tenant or licensee a sum of money as a deposit or advance of rental as security ... shall upon conveying such property. .. . or upon the conveyance of such property to another person by a court in an action to foreclose a mortgage thereon, at the time of the delivery of a deed ... or within 5 days thereafter, ... deal with the security deposit by turning over to his or its grantee or assignee, or to a purchaser at a foreclosure sale the sum so deposited, plus the tenants portion of the interest thereon, and notify the tenant or licensee by registered or certified mail of such turning over and the name and address of such grantee, assignee or purchaser. [N.J.S.A. 46:8-20]
When a landlord turns over the security deposit to the successor landlord, upon the conveyance, assignment or sale through foreclosure, he is relieved of and from the liability of repayment of the security deposit. N.J.S.A. 46:8-21. The transferee, the landlord receiving the security deposit, is then made responsible for the return of the security deposit upon the tenant's completion of the lease. N.J.S.A. 46:8-21.
The statutes make it incumbent upon the original landlord to turn over money held as security, N.J.S.A. 46:8-20, and makes the successor landlord responsible for the return of the security deposit after it is turned over. N.J.S.A. 46:8-21. These statutes, however, are silent when dealing with a situation where, as in this present case, the original landlord fails to turn over the security deposit to the successor landlord.
Could the Legislature have overlooked the scenario, which presents itself in this case, whereby the successor landlord never received the security deposit from the original landlord?
A review of the legislative history of N.J.S.A. 46:8-20 reveals that the Legislature did not overlook this problem but drafted, and passed this very statute to solve this problem. What is now known as N.J.S.A. 46:8-20 was introduced in the New Jersey Assembly on April 20, 1978 and assigned bill number 1126. Laws 1979, c. 28.
*265 A legislative statement by Assemblymen Schwartz and Baer followed the text of this act. This statement reads as follows:
This legislation improves the working of the tenant security deposit law following the sale of a building. Previously tenants had difficulty in learning what happened to their security deposit and in having it continue in force. This bill makes its continuation in force with the new owner automatic .. . [Statement following text of Assembly Bill 1126, L. 1979, c. 28, N.J.S.A. 46:8-19, -20; emphasis supplied]
The Assembly Commerce, Industry and Professions Committee also issued a statement for Assembly Bill 1126 on May 3, 1978. This stated that "[t]enants will no longer have to guess what has happened to their security deposits at the sale of the rental property but will now know that the security deposits have been automatically transferred to the new owner." L. 1979, c. 28.
The Legislature made only one exception to turning over the security deposits upon conveyance, assignment or sale through foreclosure and then only in the case of owner-occupied premises with not more than two rental units. N.J.S.A. 46:8-26. The provisions of N.J.S.A. 46:8-20 take effect in owner-occupied premises with not more than two rental units when the tenant notifies the landlord in writing that he, the tenant, wishes to invoke the provisions of this act. N.J.S.A. 46:8-26. The policy behind this provision is that small landlords can not be expected to keep abreast of changes in the law. See Meiser, Tenant Landlord Law in New Jersey (1983 supplement) at 4.
J & H, landlord-defendant, cites Four-G Corp. v. Ruta, 25 N.J. 503 (1958), as persuasive and thus controlling in the particular case that confronts this court. In Four-G Corp. Chief Justice Weintraub stated:
that a deposit as security for performance of a lease constitutes a pledge between the immediate parties, and a grantee of the landlord is not chargeable with its return unless he expressly assumes liability or receives a credit for it against the purchase price. [Id. at 507]
At the time Four-G Corp. was decided, in 1958, security deposit laws had not as yet been promulgated, and thus no express legislative authority was present. The Security Deposit *266 Act was not effective until 1968. See L. 1967, c. 265, §§ 1-8, effective January 1, 1968 (N.J.S.A. 46:8-19 to -26).
J & H is a successor landlord who received the rental property through foreclosure. J & H did not receive the security deposits from the prior owner nor did J & H expressly warrant return of the security to Hunter; however, J & H is liable for the return of Hunter's security as per N.J.S.A. 46:8-20. This interpretation is the logical sequence of the Legislature's acts and gives force to the stated explanations of the law as stated by the then legislators.
This court finds that N.J.S.A. 46:8-20 places the burden of security deposits on the landlord who accepts the security and also upon the landlord who subsequently purchases rental property. This statute forewarns successor landlords that if they do not receive security deposits from the prior landlord, then they will be liable for returning the security to the tenant. There is clear legislative authority to this effect and this court is persuaded by the statute and accompanying legislative history to so rule.
Judgment of $208 plus interest to plaintiff.