747 A.2d 828

FERMIN MAURICIO, PLAINTIFF–RESPONDENT, v. FIRST FIDELITY BANK, N.A., AS CUSTODIAN AND COLLATERAL AGENT, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 7, 2000—Decided March 30, 2000.

Before Judges SKILLMAN, NEWMAN and FALL.

*Thomas M. North,* attorney for appellant.

Fermin Mauricio, respondent, pro se.

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

Plaintiff rented an apartment in Bayonne from Michael Muros. Before plaintiff's tenancy began, he gave Muros a security deposit of $900. On April 23, 1998, defendant First Fidelity Bank, N.A. (First Fidelity) acquired title to the property from Muros by a judgment of foreclosure. However, Muros failed to turn over plaintiff's security deposit to First Fidelity.

Plaintiff vacated the apartment on June 1, 1998, and subsequently brought this action against First Fidelity for return of the $900 he had given Muros as a security deposit. The trial court concluded that "a successor landlord, even by way of foreclosure, is responsible for return of a security deposit, even if upon foreclosure no security deposit was received from the former owner." The court also concluded that because First Fidelity had made no reasonable effort to comply with the Security Deposit Act, *N.J.S.A.* 46:8–19 to –26, plaintiff was entitled to damages in double the amount of the security deposit pursuant to *N.J.S.A.* 46:8–21.1. In addition, the court awarded interest on the amount of the deposit and entered judgment for $2,137.50. We reverse.

The Security Deposit Act deals specifically with the responsibility for a tenant's security deposit when leased premises are conveyed or acquired by foreclosure. *N.J.S.A.* 46:8–20 provides in relevant part:

Any person, ... who ... has ... received from a tenant ... a sum of money as a deposit ... as security for the full performance by such tenant ... of the terms of his ... lease ... shall, upon conveying such property ... or upon the conveyance of such property to another person by a court in an action to foreclose a mortgage thereon, at the time of the delivery of the deed ... or within five days thereafter, ... deal with the security deposit by turning over to his or its grantee ... or to the purchaser at the foreclosure sale the sum so deposited, plus the tenant's portion of the interest ... accumulated thereon, and notify the tenant ... by registered or certified mail of such turning over and the name and address of such grantee ... or purchaser.

*N.J.S.A.* 46:8–21 provides in relevant part:

Any owner or lessee turning over to his or its grantee ... or to a purchaser of the leased premises at a foreclosure sale the amount of such security deposit, plus the tenant's portion of the interest ... accumulated thereon, is hereby relieved of and from liability to the tenant ... for the repayment thereof; and the transferee of such security deposit, plus the tenant's portion of the interest or earnings accumulated thereon, is hereby made responsible for the return thereof to the tenant ..., in accordance with the terms of the contract, lease, or agreement.

Thus, under the plain language of *N.J.S.A.* 46:8–21, a former landlord is relieved of the obligation to repay the security deposit to the tenant only if he turns over the deposit to the purchaser in conformity with *N.J.S.A.* 46:8–20, and the purchaser only assumes responsibility for repayment of the deposit after it receives the money from the former landlord.

In this case, it is undisputed that Muros retained plaintiff's security deposit after First Fidelity acquired the property by foreclosure. Therefore, First Fidelity did not become "the transferee of such security deposit" within the intent of *N.J.S.A.* 46:8–21, and never assumed responsibility to return the deposit to plaintiff at the expiration of his tenancy.[1]

---

[1] We note that before filing the present action, plaintiff brought suit against Muros for return of his security deposit. Muros resisted plaintiff's claim on the ground that plaintiff failed to pay rent for a number of months. However, without addressing Muros' set-off claim, the trial court dismissed plaintiff's claim in the belief that Muros was relieved of responsibility for repayment of the security deposit as a result of the foreclosure. The court's conclusion that Muros was relieved of responsibility for repayment of the security deposit even though he failed to turn over the deposit to defendant was obviously incorrect under *N.J.S.A.* 46:8–21; *see also Fischer v. Heck,* 290 *N.J.Super.* 162, 174, 675 A.2d 254 (Law Div.1996). We express no opinion as to whether plaintiff may now

In concluding that plaintiff could recover the amount of his security deposit from First Fidelity, the trial court relied upon *Hunter v. Weissberger*, 212 *N.J.Super.* 262, 514 *A*.2d 871 (Law Div.1986), which held that a tenant could recover a security deposit from a successor landlord even if the former landlord failed to comply with the obligation imposed by *N.J.S.A.* 46:8–20 to turn over the deposit. The court in *Hunter* reached this conclusion based primarily on a statement of the Assembly Commerce, Industry and Professions Committee that:

This [Security Deposit Act] provides that when a landlord sells his rental property, he must turn over to the buyer the security deposits and interest thereon which he holds for the tenants and notify the tenants of such. The other two methods of handling security deposits, the return of the security deposits to the tenants at the time of sale and the retention of the security deposits by the original landlord, are removed from the law. Tenants will no longer have to guess what has happened to their security deposits at the sale of a rental property but will now know that the security deposits have been automatically transferred to the new owner.

Although this committee statement indicates that tenants "will now know that security deposits have been automatically transferred to the new owner," it also indicates that the former landlord must "notify the tenants" of the transfer, and upon receiving such notification, "[t]enants will no longer have to guess what has happened to their security deposit." In other words, the committee statement assumes that the former landlord will comply with his obligation under *N.J.S.A.* 46:8–20 to turn over the deposit to the successor landlord, and does not address the consequences of a failure to comply with that obligation. Therefore, there is no inconsistency between this statement and the clear language of *N.J.S.A.* 46:8–21, which imposes an obligation upon a successor landlord to repay the security deposit to the tenant only upon a transfer of that deposit from the former landlord. In any event, even if there were an inconsistency between a legislative statement to the bill and *N.J.S.A.* 46:8–21, the unambiguous language of the statute would prevail. *See New Jersey Civil Serv. Ass'n v.*

---

reinstate his claim against Muros under *Rule* 4:50, which is made applicable to proceedings in the Special Civil Part by *Rule* 6:6–1.

*New Jersey,* 88 *N.J.* 605, 615, 443 *A.*2d 1070 (1982) (noting that legislative history should be used only "to solve doubt, and not to create it.") (quoting *Railroad Comm'n of Wisc. v. Chicago, Burlington and Quincy R.R. Co.,* 257 *U.S.* 563, 589, 42 *S.Ct.* 232, 237, 66 *L.Ed.* 371, 383 (1922)). *Hunter v. Weissberger* is overruled.

Reversed.